Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Thuy T. Nguyen

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Thuy T. Nguyen | Case No: '12CV1253 IEG   JMA |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Legal Recovery Law Offices, Inc.; Mark D. Walsh, Esq.; Midland Funding, LLC | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

       collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Thuy T. Nguyen, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Legal Recovery Law Offices, Inc. ("Defendant LRLO"), Mark D. Walsh, Esq. ("Defendant Walsh"), and Midland Funding, LLC ("Defendant Midland"), (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Any and all violations alleged against Defendants LRLO and Walsh are imputed to Defendant Midland under the theory of vicarious liability, because the actions undertaken by Defendants LRLO and Walsh were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant Midland.

9. All violations alleged under the FDCPA are alleged against all named Defendants.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

12. Because Defendant does business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

14. Defendants commonly conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

15. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

16. Plaintiff is a natural person who resides in the State of California.

17. Defendant LRLO is located in the City of San Diego, in the State of California.

18. Defendant Walsh is located in the City of San Diego, in the State of California.

19. Defendant Midland is located in the City of San Diego, in the State of California.

20. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

22. Sometime before May 10, 2010, Plaintiff is alleged to have incurred certain financial obligations.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. Sometime thereafter, but before May 10, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before May 10, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

26. Subsequently, Defendant Midland, through its counsel Defendants LRLO and Walsh, all debt collectors pursuant to FDCPA, proceeded with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligation.

27. Defendant filed a civil case against Plaintiff in Riverside Superior Court based on the consumer account that was allegedly in default (Case No. RIC10009611).

28. The purpose of this case was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to settle the action.

29. In this case, Defendants brought a cause of action based on Account Stated based on an alleged obligation.

30. This cause of action has no merit, or evidentiary support, and was brought for the sole purpose of coercing the Plaintiff to pay the alleged debt.

31. In the complaint filed in state court, Defendants stated that an "an account was stated in writing" between Plaintiff and the original creditor, when, in fact, this was not true.

32. Defendants stated in the complaint filed in state court that Plaintiff and the original creditor had an account stated "in writing" when, in fact Defendants knew or should have known that this was untrue, and that no such writing existed. This communication to the Plaintiff was a false, deceptive, and misleading statement related to the collection of a debt.

33. At no time did Defendants have evidence of said "writing," and this false, deceptive, and misleading statement was made only for the purposes of coercing payment from a consumer.

34. On or about June 23, 2010 Plaintiff responded to Defendants' state court lawsuit and filed a general denial to all claims.

35. On or about May 10, 2011 Plaintiff, through counsel, propounded a demand for a bill of particulars on Defendants in the state court case.

36. On or about June 6, 2011 Plaintiff, through counsel, propounded a demand for statement of witnesses and evidence on Defendants in the state court case.

37. Defendants did not produce any response to either of Plaintiff's demands.

38. Defendants did not produce any evidence of an account stated in writing.

39. On or about June 15, 2011 Defendant LRLO telephoned Plaintiff's counsel and informed counsel that Defendants were dismissing the state court case.

40. On June 16, 2011 Defendants filed their request for dismissal of the state court action.

41. At no time did Plaintiff enter into an account stated with anyone regarding this alleged obligation.

42. In this state court action, Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. §1692e(10) because an action under an account stated requires that parties forgo any previous bona fide contract between the parties and, instead, enter into a new contract between them, which never happened in this matter, a fact that Defendants either knew or should have reasonably known.

43. Pursuant to Code of Civil Procedure § 128.7(b)(3), Defendants certified that Defendants' allegations of account stated had evidentiary support, when in fact Defendants did not possess any evidence of any account stated, which is a written contract. Defendant did not possess any written contract, or any writing, that showed an account stated in writing between Defendant and Plaintiff.

44. Defendants, had Defendants believed in good faith that such evidence existed and could be obtained, could have stated such in Defendants' Complaint, in order to comply with CCP § 128.7(b)(3). Instead, Defendants chose to ignore CCP § 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP 128.7(b)(3).

45. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

46. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

///

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

///
///
///
///
///

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 22, 2012                                 By: s/ Andrea Darrow Smith
                                                                    Andrea Darrow Smith
                                                                    Attorneys for Plaintiff

JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thuy T. Nguyen

## DEFENDANTS
Legal Recovery Law Offices, Inc.; Mark D. Walsh, Esq.; Midland Funding, LLC

**(b)** County of Residence of First Listed Plaintiff: **Riverside**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **San Diego**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hyde & Swigart 4129 Main Street, Suite B8 Riverside, CA 92501
Tel: 951-784-7770

Attorneys *(If Known)*

**'12CV1253 IEG   JMA**

## II. BASIS OF JURISDICTION  *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)                                          and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN  *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 et seq.
Brief description of cause:
Unfair debt collection practices.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 75,001.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 05/22/2012
SIGNATURE OF ATTORNEY OF RECORD: s/ Andrea Darrow Smith

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE